UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOEL BOWEN,

                               Plaintiff,

                -against-

CITY OF NEW YORK; and JOHN and JANE DOE 1
through 10, individually and in their official capacities, (the
names John and Jane Doe being fictitious, as the true
names are presently unknown),

                            Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT
ON BEHALF OF
DEFENDANT CITY OF NEW
YORK**

14 CV 2990 (FB)(MDG)

<u>Jury Trial Demanded</u>

ECF Case

            Defendant City of New York, by its attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for its Answer to the Complaint, respectfully alleges, upon information and belief, as follows:

            1.      Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

            2.      Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to bring this action as stated therein.

            3.      Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

            4.      Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiff purports lay venue as stated therein.

            5.      Denies the allegations set forth in paragraph "5" of the Complaint, except admits that plaintiff purports to invoke the supplemental jurisdiction of this Court as stated therein.

6. Paragraph "6" of the Complaint contains no averments of fact and, therefore, requires no response.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that the City of New York is a municipality organized under the laws of the State of New York and that it maintains a police department.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, except admits that plaintiff purports to sue the John and Jane Does as set forth therein.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except admits that plaintiff purports to sue the John and Jane Does as set forth therein.

11. Paragraph "11" of the Complaint contains conclusions of law rather than averments of fact and, therefore, requires no response.

12. Admits the allegations set forth in paragraph "12" of the Complaint, except denies that plaintiff's activity was "lawful."

13. Denies the allegations set forth in paragraph "13" of the Complaint.

14. Denies the allegations set forth in paragraph "14" of the Complaint, except admits that plaintiff was handcuffed.

15. Denies the allegations set forth in paragraph "15" of the Complaint.

16. Denies the allegations set forth in paragraph "16" of the Complaint, except admits that plaintiff was transported to the 70th Precinct stationhouse.

17.     Denies the allegations set forth in paragraph "17" of the Complaint.

18.     Denies the allegations set forth in paragraph "18" of the Complaint.

19.     Denies the allegations set forth in paragraph "19" of the Complaint.

20.     Denies the allegations set forth in paragraph "20" of the Complaint, except admits that a purported notice of claim was received by the City of New York on or about February 19, 2014.

21.     Denies the allegations set forth in paragraph "21" of the Complaint, except admits that no payment or adjustment has been made by the City of New York.

22.     Denies the allegations set forth in paragraph "22" of the Complaint, except admits that the Complaint was filed on or about May 12, 2014.

23.     Denies the allegations set forth in paragraph "23" of the Complaint.

24.     In response to the allegations set forth in paragraph "24" of the Complaint, defendant repeats and realleges all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

25.     Denies the allegations set forth in paragraph "25" of the Complaint.

26.     Denies the allegations set forth in paragraph "26" of the Complaint.

27.     In response to the allegations set forth in paragraph "27" of the Complaint, defendant repeats and realleges all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

28.     Denies the allegations set forth in paragraph "28" of the Complaint.

29.     Denies the allegations set forth in paragraph "29" of the Complaint.

30.     In response to the allegations set forth in paragraph "30" of the Complaint, defendant repeats and realleges all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

31.     Denies the allegations set forth in paragraph "31" of the Complaint.

32.     Denies the allegations set forth in paragraph "32" of the Complaint.

33.     Denies the allegations set forth in paragraph "33" of the Complaint.

34.     Denies the allegations set forth in paragraph "34" of the Complaint.

35.     Denies the allegations set forth in paragraph "35" of the Complaint.

36.     Denies the allegations set forth in paragraph "36" of the Complaint.

37.     In response to the allegations set forth in paragraph "37" of the Complaint, defendant repeats and realleges all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

38.     Denies the allegations set forth in paragraph "38" of the Complaint.

39.     Denies the allegations set forth in paragraph "39" of the Complaint.

40.     Denies the allegations set forth in paragraph "40" of the Complaint.

41.     In response to the allegations set forth in paragraph "41" of the Complaint, defendant repeats and realleges all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

42.     Denies the allegations set forth in paragraph "42" of the Complaint.

43.     Denies the allegations set forth in paragraph "43" of the Complaint.

44.     Denies the allegations set forth in paragraph "44" of the Complaint.

45.     Denies the allegations set forth in paragraph "45" of the Complaint.

46.     Denies the allegations set forth in paragraph "46" of the Complaint.

47. In response to the allegations set forth in paragraph "47" of the Complaint, defendant repeats and realleges all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

48. Denies the allegations set forth in paragraph "48" of the Complaint.

49. Denies the allegations set forth in paragraph "49" of the Complaint.

50. Denies the allegations set forth in paragraph "50" of the Complaint.

51. Denies the allegations set forth in paragraph "51" of the Complaint.

52. In response to the allegations set forth in paragraph "52" of the Complaint, defendant repeats and realleges all of the responses contained within the preceding paragraphs of this answer, as if fully set forth herein.

53. Denies the allegations set forth in paragraph "53" of the Complaint.

54. Denies the allegations set forth in paragraph "54" of the Complaint.

55. Denies the allegations set forth in paragraph "55" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

56. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

57. Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

58. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the intervening culpable and/or negligent conduct of others and was not the proximate result of any act of the defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

59.     Plaintiff's claims may be barred, in whole or in part, because plaintiff may have failed to comply with all conditions precedent to suit under state law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

60.     There was probable cause for plaintiff's arrest, detention and/or prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

61.     There was reasonable suspicion for any stop or search of the plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

62.     Plaintiff provoked the incident.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

63.     Plaintiff failed to mitigate damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

64.     At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

65.     Plaintiff cannot obtain punitive damages as against the City of New York.

**WHEREFORE,** defendant City of New York requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            July 31, 2014

                                ZACHARY W. CARTER
                                Corporation Counsel of the
                                  City of New York
                                *Attorney for Defendant City of New York*
                                City of New York
                                100 Church Street
                                New York, New York 10007
                                (212) 356-2371

                        By:         /S
                                    Karl J. Ashanti, Esq.

To:
        Baree N. Fett, Esq. (By ECF and Mail)
        Harvis, Wright & Fett, LLP
        *Attorneys for Plaintiff*
        305 Broadway, 14th Floor
        New York, New York  10007
        (212) 323-6880

## DECLARATION OF SERVICE BY ECF AND FIRST-CLASS MAIL

I, **Karl J. Ashanti**, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on **July 31, 2014**, I served the annexed **Answer to Complaint on behalf of City of New York** by ECF and by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

Baree N. Fett, Esq.
Harvis, Wright & Fett, LLP
305 Broadway, 14th Floor
New York, New York 10007

Dated: New York, New York
       July 31, 2014

_____/S_____
Karl J. Ashanti, Esq.

Index No. 14 CV 2990 (FB)(MDG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOEL BOWEN,

Plaintiff,

-against-

CITY OF NEW YORK; and JOHN and JANE DOE
1 through 10, individually and in their official
capacities, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

Defendants.

## ANSWER TO COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK

**ZACHARY W. CARTER**
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Karl J. Ashanti, Esq.*
*Tel: (212) 356-2371*
*Law Manager No. 2014-017230*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................... , 2014......*

*.................................................................... Esq.*

*Attorney for ....................................................................*